UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES LEON SAPP,

               Plaintiff,

v.                                              Case No. 3:05-cv-974-J-20MMH

JUDGE HARLOW H. LAND, JR.,
et al.,

               Defendants.
_____

**ORDER OF DISMISSAL WITH PREJUDICE**

    On September 21, 2005, Plaintiff James Leon Sapp, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights Complaint (Doc. #1), in which he names the following individuals as the Defendants: (1) Judge Harlow Henry Land, Jr., a county court judge for the Third Judicial Circuit in and for Lafayette County, Florida; (2) George W. Blow, III, a private attorney in Live Oak, Florida; and, (3) Marilyn A. Sapp, Plaintiff's ex-wife. Plaintiff alleges that a hearing has been scheduled on September 28, 2005, before Judge Land and that his ex-wife and George Blow, III (his ex-wife's attorney) will be present at the hearing, which apparently concerns his retirement benefits. Plaintiff states that he has filed numerous motions to recuse Judge Land; however, the motions have been denied. As relief, he seeks the removal of Judge Harlow H. Land, Jr., from Case No. 93-273-CA.

Further, Plaintiff Sapp has filed a Motion for Temporary Restraining Order (Doc. #3) and a Motion for Preliminary Injunction (Doc. #4) to enjoin the Defendants from proceeding with the September 28, 2005, hearing in Case No. 93-273-CA or any other proceeding that may be scheduled in Case No. 93-273-CA.

This case is in the nature of a mandamus action. Plaintiff seeks mandamus relief against a county court judicial officer. This Court does not act as a super appellate court for the state courts. Any relief sought from the decisions of the state courts should be sought in the state court system, not the federal system. Any request to either remove Judge Land from the case and cancel or reschedule the hearing should be addressed in Case No. 93-273-CA pursuant to the Florida Rules of Civil Procedure.

In addition, writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure. However, actions in the nature of mandamus to compel United States officials to perform duties are within the jurisdiction of the United States District Courts pursuant to 28 U.S.C. section 1361. The claims against state judicial officers are not within the parameters of section 1361. It is clear that the courts of the United States have no authority to issue writs of mandamus to direct state judicial officers in the performance of their duties.

Therefore, it is now

**ORDERED:**

1. Plaintiff Sapp's Motion for Temporary Restraining Order (Doc. #3) and Motion for Preliminary Injunction (Doc. #4) are **DENIED** in that this Court does not have the authority to enjoin Judge Land from proceeding with the September 28, 2005, hearing in Case No. 93-273-CA nor does this Court have the authority to remove him from the state court case.

2. Plaintiff's Complaint, construed as a petition for writ of mandamus, is **DISMISSED**, and this case is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of September, 2005.

UNITED STATES DISTRICT JUDGE

sc 9/21
c:
James Leon Sapp

3